MRS. M. A. C. MOORE & SON v. FRANK M. MOORE ET AL.

No. 355.—Decided December 9, 1895.

89   29
92   612
92   683

### 1. Jurisdiction of District Court—Partition of Estates.

Mrs. Moore, widow of A. J. Moore, deceased, and their son Robert, within less than two years from the husband's death, brought suit in the District Court against Frank M. Moore, son of deceased by a former marriage, and the two children of a daughter of said former marriage, for partition of the community property of the second marriage. It was alleged that there was no indebtedness nor necessity for administration. The defendants alleged that the deceased, as guardian, had sold land inherited by them from their mother, and that the amount received from such sale was unpaid and a lien upon the property of the estate of the father; there being no other debts, judgment therefor was asked: Held, that the District Court had jurisdiction of the entire matter,—of the partition and to adjust the rights of all the parties in the estate. (P. 32.)

### 2. Waiver of Homestead Rights by Widow.

While the widow is entitled to retain possession of the homestead, she can abandon it; and in such event it would be subject to partition as other property. Filing suit by the widow for partition of an estate, including the homestead, is a waiver of her homestead rights, and she could not interpose such rights to prevent a sale of the homestead made necessary in adjusting the equities of the several parties in the partition. (P. 32.)

### 3. Estates—Creditors—Heirs.

The debts of a deceased operate as a lien upon the property prior to the rights of heirs, and until distributed it is subject to the lien in favor of such creditor. (P. 33.)

### 4. District Court—Partition—Settlement of Equities.

When an estate is sought to be divided through a suit in the District Court for partition, that court has jurisdiction to settle and determine all of the rights and equities of the parties growing out of their joint or common ownership of the property. It is the policy of our law to settle in one suit all litigation with reference to the subject matter and to adjust the rights of all parties thereto, in so far as it can be done. (P. 34.)

### 5. Adjusting Equities.

In a decree of partition in the District Court, in which decree was also adjusted a debt against the intestate held by a part of the heirs, it was proper to charge the heirs holding the claim with a part of the debt proportional to their share of the estate, and to charge the other parties with a like proportion of the debt. (Pp. 32 to 35.)

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Gonzales County.

Suit was brought by plaintiffs in error in the District Court of Gonzales County for partition of property belonging to the estate of their deceased husband and father, against defendants in error, who claimed as heirs of a former wife of deceased. The trial court decreed partition and an adjustment of the rights of all claimants, which on plaintiff's appeal was modified by the Court of Civil Appeals, and the case remanded for partition in accordance with the reformed decree. From this judgment plaintiffs obtained a writ of error on grounds shown in this opinion.

*McNeal, Harwood & Walsh,* for plaintiffs in error.—The Court of Civil Appeals erred in holding that under the circumstances of the case the District Court had jurisdiction, in a partition suit brought within a few months after the death of A. J. Moore, to provide for the payment of a

debt against him growing out of an unsettled guardianship in the Probate Court, in absence of proof that the debt was the only debt of his estate. Patterson v. Allen, 50 Texas, 25; Solomon v. Skinner, 82 Texas, 345; Webster v. Willis, 56 Texas, 468.

The court erred in holding that it was competent, in a suit for partition between the heirs of A. J. Moore, for the defendants in error to assert and the court to award judgment in their favor for a claim against his estate when there was no representative of the estate before the court, and to enforce a specific lien on the property of the estate for the satisfaction of said judgment, when none had ever been created by the deceased, and there was none which could have been enforced against him in his lifetime or his personal representatives after his death. Mayes v. Jones, 62 Texas, 365; Webster v. Willis, 56 Texas, 468; Freeman on Partitions, secs. 506, 512.

The court erred in disregarding the homestead rights of the widow in ordering the partition. Const., art. 16, sec. 50; Rev. Stats. 1993, 1996, 2009; Harris v. Reed, 47 Texas, 524; Kessler v. Draub, 52 Texas, 575; Blum v. Gaines, 57 Texas, 119; Hargadene v. Whitfield, 71 Texas, 488; Adair v. Hare, 73 Texas, 273; Gilliam v. Null, 58 Texas, 304.

*Atkinson & Abernethy, Glass & Burgess,* attorneys; W. M. Atkinson, guardian ad litem for F. M. Moore, John Merriman and the minors Lizzie and Virginia Merriman, defendants in error.

BROWN, ASSOCIATE JUSTICE.—The plaintiffs in error instituted this suit in May, 1893, against the defendants in error, for partition of the property belonging to the estate of A. J. Moore, deceased, alleging that it was the community property of A. J. Moore and the plaintiff M. A. C. Moore, his second wife, who claimed one-half of the property, and that the other half belonged in equal proportions to Robert I. Moore, Frank M. Moore, and Lizzie and Virgina Merriman, the children of Martha Merriman, deceased, the daughter of A. J. Moore. The partition descibes specifically the property belonging to the estate, consisting of some personal property, principally, however, of lands, all of which was of the value of about $8000.

The defendants did not contest the claim made in the petition, that the property was the community property of the deceased and M. A. C. Moore, but alleged, in substance: that, in 1873, A. J. Moore was appointed guardian of the estate of Frank M. Moore and Martha Moore, the mother of Lizzie and Virginia Merriman, the defendants, who were possessed of one tract of land, which they inherited from their mother, the first wife of A. J. Moore; that under the orders of the County Court the said A. J. Moore sold the tract of land for $1380, in May, 1874, which money he had never paid over to his wards, either in whole or in part, and that the said Frank M. Moore and Lizzie and Virginia Merriman were entitled to receive, out of the estate to be partitioned, the said sum of $1380, with 12 per cent. interest from the date on which it was re-

ceived. It was also alleged in the answer that there were no other debts against the estate.

In a supplemental petition plaintiffs alleged that they had charge of the estate of A. J. Moore, after his death, received the revenues and paid the taxes, incidental expenses and debts of A. J. Moore, funeral expenses, etc., leaving a balance in their hands, not stated in the opinion of the Court of Civil Appeals.

The facts are, that A. J. Moore was married to the mother of Frank M. Moore and Martha Moore in the year 1858. Martha was born the 12th day of November, 1860, and Frank on the 4th day of January, 1863. Their mother died in the year 1864, and A. J. Moore and the plaintiff, M. A. C. Moore, were married September 20, 1865, of which last marriage Robert I. Moore was born November 22, 1866.

Martha Moore, the daughter of A. J. Moore by his first marriage, intermarried with John Merriman the first day of February, 1883, and died April 23, 1887, leaving surviving her the defendants Lizzie and Virginia Merriman.

A. J. Moore died April 27, 1893, leaving surviving him at his death his widow, M. A. C. Moore, his two sons, Frank M. and Robert I. Moore, and his grandchildren Lizzie and Virginia Merriman, his only heirs.

The case was tried before a jury and verdict rendered in favor of M. A. C. Moore for one-half of all the property, the remaining one-half to be divided equally, one-third each to Frank M. Moore, Robert I. Moore, and one-third to Virginia and Lizzie Merriman, the children of Martha Merriman. The jury also found in favor of Frank M. Moore and Lizzie and Virginia Merriman, the sum of $1311, to be paid $655.50 to Frank M. Moore and $655.50 to Lizzie and Virginia Merriman, each sum to bear interest from the 8th day of August, 1874, to the 8th day of August, 1891, at 12 per cent. interest per annum, and from the latter date to April 23, 1893, at 10 per cent. interest, making the sum of $2104.82 to Frank M. Moore and the same sum to Lizzie and Virginia Merriman. The court entered judgment according to this verdict, except that the court directed that the homestead and personal property exempt by law be set aside to the widow, M. A. C. Moore, out of the estate, the remainder of the property to be partitioned, which judgment was reversed and rendered by the Court of Civil Appeals, omitting the part setting aside the homestead and exempt property to the widow and reducing the amounts adjudged to defendants in error as follows: To Frank M. Moore, $1940, and to Lizzie and Virginia Merriman, $1855, awarding two-thirds of this sum, $2530, against M. A. C. Moore and Robert I. Moore, in the proportion of $1897.50 against M. A. C. Moore and $632.50 against Robert I. Moore, except that it was remanded for a proper partition according to the judgment of the Court of Civil Appeals.

M. A. C. Moore and Robert I. Moore applied for a writ of error in this case upon the following grounds:

1. The Court of Civil Appeals erred in holding that the District Court had jurisdiction in this suit to provide for the payment of a debt against

the deceased in favor of the defendants in error, growing out of the unsettled guardianship in the Probate Court, in the absence of proof that it was the only debt against the estate.

2. The Court of Civil Appeals erred in holding that it was competent in this suit for the defendants in error to assert, and the court to award judgment in their favor for, a claim against the estate of A. J. Moore, when there was no representative of the estate before the court; to enforce a specific lien upon the property of the estate for the satisfaction of the judgment, when no lien had been. created by the deceased or existed against the property in his lifetime.

3. The Court of Civil Appeals erred in reversing and reforming the judgment, so as to subject the homestead and other exempt property to partition.

When the plaintiffs in error instituted their suit, asking that the property of A. J. Moore be partitioned, they virtually said to the court that there were no debts against the estate and no necessity for administration; for if there were such debts or necessity for administration they would not be entitled to partition. Having sought the jurisdiction of the court for the purpose of partition, they ought not to be heard to say that conditions existed which would defeat the very suit that they were prosecuting without allegation and proof of such facts. The defendants in the suit alleged that there was no other debt against the estate save that which they asserted, and this was not controverted either by pleading or evidence on the part of the plaintiffs. The District Court properly held that it had jurisdiction under that state of facts.

The plaintiff, M. A. C. Moore, was entitled under the constitution to retain possession of the homestead during her life, if she chose to use or occupy it as such (Const., art. 16, sec. 52); but she had the right to abandon the use of it as a homestead, when it would become subject to partition as other property. When she filed this suit and asked the court to partition the estate, including the property claimed as a homestead afterwards, it was a waiver of her right to use and occupy it as a homestead, and the Court of Civil Appeals did not err in denying her the right to have the homestead and personal property exempt from· forced sale set apart to her use. ·

The facts show that A. J. Moore was indebted at his death to Frank M. Moore and to Lizzie and Virginia Merriman in the sum of $1380, with interest, as claimed by them. Moore being dead, if there had been administration upon his estate Frank M. Moore and the guardian of the minors might have presented their claim to the administrator and had it allowed, and, if rejected, they might have maintained a suit against the administrator to establish their claim. If the property had been distributed among the heirs of A. J. Moore without adjudicating their rights as creditors, then they, as creditors of A. J. Moore, could have maintained suit against the plaintiffs in error, the widow and child of A. J. Moore, to recover of them this debt in proportion to the amount of

property received by them from the estate. (Webster v. Willis, 56 Texas, 468.)

Upon the death of Moore his estate vested in his heirs and his surviving wife, subject to the payment of his debts. (Rev. Stats., art. 1817.) The debts against a decedent constitute a lien upon all the property of the estate subject to the payment of debts, and this lien may be enforced by the creditors by means of administration. It is true that no creditor has a lien upon any specific property, but there is a general lien, so to speak, in favor of all the creditors upon all of the property, from which these debts are to be discharged pro rata, or in accordance with their rights of priority, if any exist. Although no creditor has a lien for his debt upon a particular piece of property, it is none the less true that all of the debts have a lien upon all of the property of the estate, and so long as the property remains undistributed it is subject to this lien in favor of each creditor. It has been said that a creditor has no lien upon property in the hands of the heirs when once distributed among them, but this has reference more to the method of enforcing the lien than to the fact of the existence of such lien. Under our decisions it is held that, when property is distributed among the heirs and a debt against the ancestor remains unpaid, the creditor may sue the heir and recover a personal judgment against him for the debt, to the amount of the value of the property received by the heir from the estate, but that a judgment cannot be entered foreclosing a lien upon that property. (Webster v. Willis, cited above.) If the creditor had no lien upon the property which went into the hands of the heir, then no liability would exist on the part of the heir to pay the debt, for it is by reason of the fact that the creditors right to satisfaction of his debt is superior to the heir's right of inheritance that the heir is held liable for the debts of the ancestor to the extent that he has received property from the estate. We think, therefore, that all of the property of the estate of A. J. Moore, deceased, was encumbered by a lien in favor of the defendants in error for the amount of their claim against him as their guardian, and that, the estate not having been distributed, the lien existed upon the property itself, and not merely as a claim against the heirs of the estate.

When an estate is sought to be divided through a suit in the District Court for partition, that court has jurisdiction to settle and determine all of the rights and equities of the parties growing out of their joint or common ownership of the property. (Freeman on Partition, secs. 506 and 512; Powers v. Morrison, 30 S. W. Rep., 851; Eckford v. Knox, 67 Texas, 200.) The equities arising in this case between the parties were on account of their ownership in common of the property; that is, the plaintiffs and defendants were jointly entitled to the whole estate, and each liable to a like proportion of all debts chargeable upon the said property if partition should be made. The defendants were the creditors of the estate, and as heirs entitled to a portion of it, and, therefore, entitled to recover, not all of the claim, but only to recover of the others the proportion of the debt that their interest in the estate bore to the

whole. If, for instance, the estate had been divided in the proportions, alleged in the petition, of one-half to the widow and one third each to Frank Moore and Robert Moore and one-third to Lizzie and Virginia Merriman, and being so divided had been delivered into the possession of each, Frank M. Moore and Lizzie and Virginia Merriman could have maintained a suit in the District Court against M. A. C. Moore for one-half of the debt, and against Robert I. Moore for one-sixth part of the debt, the one-third thereof being satisfied by the property they received from the estate.

It is the policy of our law to settle in one suit all litigation with reference to the subject matter and to adjust the rights of all the parties thereto, in so far as it can be done, in accordance with our liberal rules of proceeding. It would be simply multiplying suits to send the defendants into the same court in another action against the same parties in order to establish their rights with reference to the property then being litigated. In the case of Eckford v. Knox, supra, the court said: "There was no error in making to Miss Martha Knox an allowance for her commissions for moneys received and paid out during her guardianship of the minor Annie M. Knox. Her claim was a legitimate one against the estate of her ward, and such as would have been allowed by the County Court had she been settling the estate in that court. * * * The District Court had before it the entire affairs of the ward's estate for adjudication so far as to determine what were the amounts of the property to which she was entitled; and, whilst it had no original jurisdiction to pass upon the guardian's accounts, it was authorized to do so where this was proper in order to ascertain the amount of the property to which the ward was entitled.

It is the policy of our law to settle in one suit the interests and rights of all parties in the subject matter of litigation, leaving as little room as possible for multiplicity of actions. The District Court, having obtained jurisdiction of a cause, had cognizance of it for all purposes of the suit, and the full merits of the controversy could be settled by it between all the parties."

In this case the District Court had original jurisdiction of the subject matter of the claim of defendants against the plaintiffs, and it was simply a question of whether the matters were of such a character as could be adjudicated in the one suit, and not a question of jurisdiction of the court. It would have been useless for that court to have said to the defendants: "We will not hear your claim in this case against these plaintiffs for satisfaction out of this property, but, after the partition has been completed and the property delivered, we will hear your claim in another proceeding against the same parties to enforce the same right against the same property." It would be difficult to imagine a case in which it would be more inequitable to turn parties away from the court under such circumstances and to turn over to the heirs property upon which a creditor, the defendant, equally interested in the property, had a just claim for remuneration out of the identical property itself.

(Evarts v. Woods, 6 N. Y. Sup., 200.) Wherein lies the necessity or the sound reasoning for refusing to adjust in that one suit what would be adjusted with reference to the same subject matter and between the same parties in another suit in the same court?

In the case of Evarts v. Woods, cited above, the plaintiff sued for a partition of the estate of his mother, upon a portion of which was a mortgage executed by the mother for the benefit of the plaintiff under such circumstances as to make it justly and rightly his debt. The court held that in the partition of that estate this debt should be satisfied out of the portion to which the plaintiff was entitled. That case is very analogous to this; however, if there is a difference, the case before the court is one presenting stronger reasons for the exercise of this jurisdiction, because the joint owners of the property were likewise jointly liable for the satisfaction of the debt which encumbered it, and there was no error in the District Court exercising jurisdiction to adjust and settle the equities between the plaintiffs and the defendants, growing out of their joint ownership of the property to be divided, and the rights of the defendants against that property for the satisfaction of a debt against their common ancestor.

There is no error in the judgment of the Court of Civil Appeals, and it is, therefore, affirmed.

*Affirmed.*