## JONES v. GOULD et al.

### (Circuit Court, S. D. Ohio, E. D.   October 26, 1905.)

1. COURTS—UNITED STATES COURTS—LOCAL SUITS.
    The stock of a corporation organized under the laws of a state has its situs in such state, and is properly within a federal judicial district in the state, within the meaning of Act March 3, 1875, c. 137, § 8, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513], providing for suits to enforce liens, etc.

2. SAME.
    A suit must really be one in rem, directed primarily against specific property within the district for the purpose of enforcing a legal or equitable lien upon or claim to such property, or of removing an incumbrance or lien or cloud upon the title to such property, to come within the intent and meaning of Judiciary Act March 3, 1875, c. 137, § 8, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513], authorizing the bringing in of nonresident defendants by an order; and, if to enforce a lien, such lien must be one existing when the suit is brought, and not one sought to be created thereby.

3. SAME.
    A subscriber to a syndicate fund, which was placed absolutely in the hands of managers to be invested in certain coal lands and railroad property and in constructing connecting lines, the property to be then sold and the proceeds divided or capitalized, and the stock distributed among the subscribers, has no lien upon or claim to the specific property so purchased by the managers which will give a Circuit Court of the United States jurisdiction of a suit in rem against it, under Act March 3, 1875, c. 137, § 8, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513], where neither complainant nor defendants are residents of the district.

In Equity.   On motion to quash service.

RICHARDS, Circuit Judge (orally).   This case is submitted to me upon a motion to quash the service of a restraining order made upon the defendants, Gould, Ramsey, Guy, and Blair.   I had expected to put in writing my conclusions, but an examination of the authorities has occupied the limited time at my disposal and precluded this.   I may hereafter prepare a short opinion.   At present I shall content myself with stating the general results reached.

Upon the filing of the bill, I set the case for hearing upon the motion to appoint a receiver, and upon application of the complainant restrained the defendants, until the further order of the court, from selling, contracting to sell, transferring, or parting with the possession of any of the properties of the Little Kanawha Syndicate, so called, as described in the bill.   I also directed that notice of this order, with a copy of the bill, be served personally upon the said defendants. Service of this order was made, and the defendants, making a special appearance for the purpose, have filed motions to quash the service, made outside of this state and district, on the ground that in each instance (1) the defendant is an inhabitant and citizen of some state other than Ohio; (2) it appears upon the face of the bill that the relief sought is of such a nature that the defendant cannot lawfully be called upon to defend against the same in this district; and (3) the court is without jurisdiction to proceed against the defendant.

It is contended, in the first place, that by the filing of these motions each of the defendants entered his appearance generally and is now in court.   The rule is, of course, well settled that where a defendant

appears by motion to object to the jurisdiction of the court over his person, and at the same time asks that the cause be dismissed because the court has no jurisdiction of the subject-matter of the action, this constitutes a voluntary appearance. Elliott v. Lawhead, 43 Ohio St. 171, 1 N. E. 577; Fitzgerald v. Fitzgerald, 137 U. S. 98, 106, 11 Sup. Ct. 36, 34 L. Ed. 608. It may be conceded that the wording of the third clause gives color to the claim of the plaintiff; but I think a careful reading of the motion clears this up, and evinces that the point intended to be made is that the court had not acquired, and could not acquire, jurisdiction of the person of the defendant. The statement in the third clause that the court is without jurisdiction to proceed against him, evidently refers to the claim that the court has not obtained and cannot obtain jurisdiction of his person.

Proceeding to a consideration of the merits of the motion: While the first section of Act March 3, 1875, c. 137, 18 Stat. 470, as amended in 1888 (Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), provides that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only upon the fact that the action is between citizens of different states, suit shall be brought only within the district of the residence of either the plaintiff or defendant," and while clearly the institution of this suit is not in compliance with these provisions, for neither the plaintiff nor any of the defendants are residents of this district, it is contended that jurisdiction may be sustained, and all the defendants ultimately be brought in, under section 8 of the same act (18 Stat. 472 [U. S. Comp. St. 1901, p. 513]), which provides "that when in any suit commenced in any Circuit Court of the United States to enforce any legal or equitable lien, or claim to, or to remove any incumbrance or lien or cloud upon the title of real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order" directing special service by publication or otherwise.

The contention of the plaintiff, briefly stated, is that this is a suit to enforce a trust in certain property, real or personal, which was purchased in part with moneys subscribed by him, and is now held by the syndicate managers, Gould, Ramsey & Guy, upon certain trusts defined in what is known as the syndicate agreement; that a part of this property, namely, the stock of two railroad companies organized in Ohio, has a situs within this district, and because of this fact, the suit may be regarded as one to enforce a legal or equitable claim to such property, of which the court has jurisdiction under section 8, with authority to bring the nonresident defendants in by publication.

I am satisfied from the authorities cited that the stock referred to has its situs within this district. These Ohio railroad corporations are inhabitants, citizens of Ohio, and their stocks have their situs here. Jellenik v. Huron Copper Co., 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647.

But, as I sufficiently indicated during the course of the argu-

ment, the serious question, it seems to me, is whether this is a suit "to enforce a legal or equitable lien upon or claim to" this railroad stock, which is the only property within the district. Of course, the general rule is well known that the authority of a court is limited to persons and property within its territorial jurisdiction. Where an action is in personam, the defendant must be served or his appearance secured; if in rem, judgment only operates upon the property within the district. Upon examination of such authorities as I have been able to make and a consideration of the phraseology of the section, I have reached the conclusion that to come within its intent and meaning, the suit must really be one in rem, directed primarily against specific property for the purpose of enforcing a legal or equitable lien upon or claim to such property, or of removing an incumbrance, or lien, or cloud upon the title to such property. All the cases cited have been cases of this kind, cases strictly in rem, and I have not found one in which jurisdiction is sustained under section 8, that was not directed primarily against property located within the district.

There are several cases where the court has refused to take jurisdiction of an action to subject the property of the defendant ultimately to the payment of his debts, although part of the property was within the district. Thus in the case of Shainwald v. Lewis (D. C.) 5 Fed. 510, Judge Hillyer said respecting section 738 (page 516):

"In my judgment this section was only intended to reach those suits in equity in which it was sought to enforce some pre-existing lien or claim, legal or equitable, upon or to some specific property, real or personal, and not cases in which it is sought to reach and appropriate the general property of a defendant to the payment of his debts. By the words 'legal or equitable lien or claim against real or personal property,' Congress intended to reach every case in which there should be any sort of charge upon a specific piece of property, capable of being enforced by a court of equity."

And in Dormitzer v. Illinois, etc., Bridge Co. (C. C.) 6 Fed. 217, Judge Lowell declined to entertain jurisdiction of a suit to attach the property of a nonresident defendant, saying (page 218):

"A recent statute gives these courts jurisdiction to enforce a lien upon or claim to, or remove an encumbrance, or lien, or cloud upon the title to, real or personal property within the district, though the defendants or some of them, may not be either inhabitants thereof or found therein, first giving notice to the absent defendants. But this means a lien or title existing anterior to the suit, and not one caused by the institution of the suit itself."

I have not been able to find that these cases have been qualified or overruled.

This suit might indirectly and ultimately affect property in Ohio, but not necessarily. The plaintiff, as a syndicate subscriber, has no lien on, or claim to this property. He did subscribe certain money, some $70,000, to the syndicate fund. This fund was placed absolutely in the possession and control of the syndicate managers; the title passed to them; they were to purchase with it certain coal and railroad properties, which were to be connected by lines to be constructed by the syndicate, and after this was done, the properties were either to be sold and the profits, if there were any, divided among the subscribers, or the property was to be capitalized and the stock distributed

.among the subscribers. The managers were to receive for their services a certain per cent. of the funds subscribed. The fullest discretion was vested in them, both as to the time of existence of the syndicate, and their conduct under the agreement. This subscriber brings this suit not because he is a creditor of the syndicate managers, not because he has a claim against them, and thus, in a certain sense, a claim against the syndicate property, but because he contributed to the fund in their possession and control. He has no title to or interest in the fund. He may have an ultimate interest in the profits of the deal, if it turns out ultimately that there are any. What he wants now is to control the syndicate managers, or have the court control them. This appears from the wording of the temporary restraining order. He wants the court to appoint a receiver to take over the syndicate property, and administer it, and call upon the syndicate managers to account for what they have done.

Now, this does not seem to me so much a suit against the property, because of some lien or claim to it, as a suit against the syndicate managers, because they are not doing their duty under the syndicate agreement. It appears to me that it is the syndicate managers, and not the syndicate property, that the plaintiff is after. I think it would be manifestly unjust and unfair not only to the managers themselves who have direct interests under the syndicate agreement, but to the 69/70 of the subscribers to the fund who are not represented here, for the court to take jurisdiction and assume to grant the relief asked for in the absence and without the appearance of the syndicate managers. In my opinion, they are necessary and indispensable parties, and as they have not been brought in, and can not be brought in, I think the case is one of which I ought not further to entertain jurisdiction.

I sustain the motion to quash service and upon my own motion proceeding to pass upon questions of jurisdiction, I abrogate the temporary restraining order, decline to appoint a receiver, and dismiss the suit for want of jurisdiction.