### WHITEHEAD et al. v. RHEA et al.
### (No. 7982.)

(Court of Civil Appeals of Texas. Ft. Worth.
May 30, 1914.)

1. PARTITION (§ 25*)—ALLOWANCE OF CLAIM AGAINST DECEDENT—JURISDICTION.

In a suit to partition decedent's estate, plaintiffs could not insist that the court had no jurisdiction to provide for the payment of a debt against deceased in favor of defendants without showing that there was no administration pending, since, by the institution of the partition suit, plaintiffs virtually asserted that there were no debts against the estate, and hence no necessity for administration.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 77–79; Dec. Dig. § 25.*]

2. LIMITATION OF ACTIONS (§ 50*)—ACCRUAL OF RIGHT OF ACTION — CONTINUING CONTRACT.

A cause of action by a daughter for compensation for personal services rendered her deceased father during his life was upon a continuing promise and did not arise until his death, and hence limitations would only run from the death of the father.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 273–279; Dec. Dig. § 50.*]

3. CONTRACTS (§ 245*)—PARENT AND CHILD.

A contract between an aged father and his daughter, who was caring for him, made just prior to his death recited the fact that many years previously he had agreed that the daughter, in consideration of her services, should have all his property at his death, and provided that, as she had never received any compensation for her services, etc., she should receive all money on hand at his death. Held, that such contract did not supplant the prior agreement, but the compensation provided for therein was meant to be additional to that contemplated in the prior agreement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1129, 1130; Dec. Dig. § 245.*]

Appeal from District Court, Hood County; W. J. Oxford, Judge.

Action by B. E. Whitehead and others against R. K. Rhea and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

John J. Hiner, of Granbury, for appellants. Estes & Estes and W. L. Dean, all of Granbury, and J. L. Lockett, Jr., of Ft. Worth, for appellees.

SPEER, J. Mrs. B. E. Whitehead, joined by her husband, R. S. Whitehead, and G. J. Moore instituted this suit against R. K. Rhea and her husband, C. W. Rhea, in the district court of Hood county, for the partition of certain lands and personal property situated in that county, constituting the community estate of A. E. Moore and his wife,

Nancy Moore, deceased, and said B. E. Whitehead, G. J. Moore, and R. K. Rhea being the children and only heirs of the said A. E. and Nancy Moore, deceased. The real estate sought to be partitioned was of the alleged value of $7,500 and the personal property $5,-000.

It was insisted in the petition that R. K. Rhea was entitled to an undivided one half interest in all of said property through a devise by the father of his interest, and it was alleged that B. E. Whitehead, G. J. Moore, and R. K. Rhea were each entitled to an undivided one third interest in the other half as heirs of their mother, Nancy Moore, deceased. The defendants answered specially that said Nancy Moore had been an invalid for about 35 years prior to her death and required constant care and attention of some female person to look after her and care for her; that she was insane for many years prior to her death; that she was about 82 years old when she died, and the said A. E. Moore was about 90 years old when he died; that he too required the care and attention of a nurse to look after him during his latter years, and that the defendant R. K. Rhea was the only person to care for them during this time; and that the other two children had never contributed anything towards the care and comfort of their parents. It was further alleged that about the year 1878, and during the time that said Nancy Moore was an invalid and insane, the said A. E. Moore entered into an oral agreement with the defendant R. K. Rhea, in which he promised, in consideration of her undertaking to remain with and care for and nurse him and her mother, that she should be compensated for her services, and have such property as they might possess at the time of their death as compensation for said services; that in pursuance of this agreement the said R. K. Rhea remained with her parents from the year 1878 up to the time of their death in the year 1911, and cared for and nursed them during said time under said agreement, and further alleged the value of her services during all these years. The answer concluded with a prayer for judgment decreeing to the defendants the title and possession of all the property involved in the suit, and, in the alternative, for a judgment for the compensation claimed; and that the same be decreed a charge against the property sought to be partitioned.

The case was submitted on special issues upon which judgment was rendered in favor of the defendant R. K. Rhea for 40 acres of land sought to be partitioned, and decreeing that 100 acres of the remaining 200 acres be partitioned as prayed for by the plaintiffs, but that it be charged with $7,314.80, with interest from February 18, 1911, in favor of Mrs. R. K. Rhea, less $365.70, rents received by her. The plaintiffs have appealed.

[1] Appellants submit under their first, second, and third assignments of error that appellees were not entitled to maintain a cause of action against them to establish a claim against the estate of Nancy Moore, deceased, in the district court without showing that there was no administration pending on said estate, or that there was no other debt against said estate, or without alleging some other facts showing that there was no necessity for administration. When appellants instituted their suit asking that the property of Nancy Moore be partitioned, they virtually said to the court that there were no debts against the estate and no necessity for an administration thereof, for otherwise they would not have been entitled to the partition sought. They ought not, therefore, to be heard to say that any fact existed which would defeat the very suit they were prosecuting without allegation and proof of such fact. Moore v. Moore, 89 Tex. 29, 33 S. W. 217. There is nothing in the pleading of either party that would indicate any necessity for an administration on the estate of Nancy Moore.

[2] The fourth assignment of error is predicated on the court's action in refusing to sustain a special exception interposing the plea of the statute of limitations of two years. There is no judgment overruling such exception, but the matter is sought to be presented by a bill of exception, but, waiving this irregularity, we find no error in respect to the ruling, since the cause of action for compensation for personal services rendered during the lifetime of A. E. and Nancy Moore was upon a continuing promise to pay and did not arise until the death of A. E. Moore; there having been no previous breach of the agreement. This suit was instituted within less than two years after his death.

[3] Next the point is made that, by a contract of November 8, 1909, conveying to appellee R. K. Rhea moneys owned by A. E. Moore, deceased, the prior oral agreement for compensation had been fully satisfied, and no recovery, therefore, could be allowed her. An examination, however, of the terms of the latter agreement, the same being in writing, will disclose that its purpose was not to supplant the former agreement, but the compensation there provided for was meant to be additional to that contemplated in the prior oral agreement. The contract provides:

"That, whereas, the said A. E. Moore is in declining years and in feeble health and will in the future as in the past, require the care and attention of some one to look after his physical wants and to nurse and care for him and, whereas, the wife of the said A. E. Moore, and mother of the said Kindness Rhea, has been, for many years, and now is in feeble health, and is incapacitated both mentally and physically, and has been in such condition for many years, to look after her wants and necessities but on the contrary requires the constant care and attention of some person to look after her wants and necessities and is, at all times, a charge on her husband and daughter, the said Kindness Rhea, and will, as long as she lives, require the care and attention of some one to constantly look after her as in the past and to prevent her from doing herself or others personal violence and to provide for her the necessaries of life, to nurse

and care for her and I, the said A. E. Moore, have heretofore, many years ago, made a contract with the said Kindness Rhea, then Kindness Moore, if she would remain at home and care for her said mother and myself, so long as we might live, that she, the said Kindness Rhea, should have reasonable compensation for her said services in so doing, it being at that time and now is incumbent on me, as the head of the family, to provide for and nurse and care for my said wife, and being unable to do so with other duties and on account of my declining years and not able to at all times care for my said wife as she should be cared for and I having many years ago agreed with the said Kindness Rhea that at the death of myself and wife, she the said Kindness Rhea should have such property as we might possess at that time, and the said Kindness Rhea having never received any compensation for her said services and having remained with us and having carried out her part of the contract, up to this time, and has, alone, had the care, attention and nursing of her said mother and myself, none of the other members of my family having contributed to our wants or necessities. I, the said A. E. Moore, for the purpose of in part making compensation and in addition to what the said Kindness Rhea will be entitled to receive under the contract with her, as herein stated, sell and deliver to the said Kindness Rhea all money I may have at my death and I, the said A. E. Moore, hereby, to make compensation to the said Kindness Rhea for the services she has already performed, as hereinbefore shown, and for such services as she may hereafter perform under the stipulations and agreement hereinafter made by her and her said husband and it being the intention by this transfer to convey to the said Kindness Rhea all of said monies now in my name whether the same be my own property or the community property of myself and my said wife."

This we believe disposes of every question adversely to appellant, and the judgment of the district court is therefore affirmed.