ALBERT et al. v. BASCOM et al.

(District Court, W. D. Texas, Austin Division. June 14, 1917.)

No. 279.

1. COURTS ⟲➤268—FEDERAL COURTS—JURISDICTION.

The federal District Court is without jurisdiction solely on the ground of diversity of citizenship where neither plaintiffs nor defendants are citizens or residents of the forum.

2. COURTS ⟲➤269—FEDERAL COURTS—JURISDICTION.

A suit to establish a lien upon or claim to property brought under Judicial Code, § 57 (Act March 3, 1911, c. 231, 36 Stat. 1102 [Comp. St. 1916, § 1039]), providing that, when in any suit commenced in any District Court to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance on the title to real or personal property within the district, one or more of the defendants shall not be an inhabitant of or found within the district, or shall not voluntarily appear, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, etc., which shall be served on such defendant or defendants if practicable wherever found, or where personal service is not practicable, such order shall be published, may be maintained in the federal District Court for the state where the property is situated, though neither plaintiff nor defendant is a resident thereof.

3. LIENS ⟲➤3—AGREEMENT—EFFECT.

One tenant in common died, devising her interest to plaintiffs, and nominated another of the tenants in common as trustee to hold the property during the minority of plaintiffs. Without ever having accounted, the trustee died. Plaintiffs then executed partition deeds, the trustee having devised his interest to the other original cotenants. The parties entered into an agreement that the execution of the partition deeds should not waive any right or claim plaintiffs might have against the estate of the deceased trustee, or waive any rights they might have to subject any of the property conveyed to their claim, but that all rights should be preserved as though the deeds had not been executed. *Held*, that the agreement merely preserved the rights that plaintiffs already had, and did not establish in their favor any lien on the lands of the deceased trustee.

4. JUDGMENT ⟲➤17(3)—PERSONAL JUDGMENT—PROCESS TO SUSTAIN.

The federal District Court is without power to enforce a personal judgment upon citation of publication.

5. EQUITY ⟲➤363—DISMISSAL OF BILL—PLEADING.

On motion to dismiss a bill for want of jurisdiction, only the averments therein can be considered.

6. TENANCY IN COMMON ⟲➤18—LIENS—ADJUSTMENT.

Where one tenant in common was trustee for others, the cestuis que trust cannot, by analogy to the equitable liens enforced in partition, establish a lien on the share of the trustee in the common property; even in partition proceedings a specific lien on particular property is denied, and only those liens arising out of the relationship of the parties to the land can be enforced.

7. EXECUTORS AND ADMINISTRATORS ⟲➤133—LIENS—ENFORCEMENT.

Under Vernon's Sayles' Ann. Civ. St. Tex. 1914, § 3235, the estate of a decedent vests in his devisees subject to payment of his debts, while creditors' claims constitute a lien on all of the property of the estate; and this lien, which is general, can be enforced by means of administration.

8. COURTS ⟲➤269—FEDERAL COURTS—JURISDICTION—LIEN.

One tenant in common who was trustee of the interest of plaintiffs in the common property and who died without having accounted devised his interest to defendants. Neither plaintiffs nor defendants were residents

⟲➤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the state in which was located the common property. *Held* that, as a creditor of a decedent has no lien for his debt on any particular property of the deceased, plaintiffs could not, under Judicial Code, § 57, maintain in the federal District Court for the state wherein was located the property a suit to enforce an alleged lien as creditors of deceased trustee.

9. COURTS ⬤269—FEDERAL JURISDICTION—NATURE OF SUIT.

A suit by creditor against heirs holding the lands of decedent debtor to subject lands to payment of claims is one in personam, and not in rem, and hence, where the heirs or devisees of the decedent debtor were not residents of the state in which was located the land, and plaintiffs were also nonresidents, such suit could not be maintained in the federal District Court for the state under Judicial Code, § 57, on the theory that it was one in rem to establish a lien.

10. COURTS ⬤269—FEDERAL COURTS—JURISDICTION.

Under Judicial Code, § 57, authorizing a suit against nonresident defendants to enforce a lien on land, the lien must be a pre-existing one, and not one caused by the institution of the suit itself.

In Equity. Bill by Mary C. Albert and others against Alpheus W. Bascom and others. On motion to dismiss. Motion granted.

V. L. Brooks, of Austin, Tex., for plaintiffs.
Fiset, McClendon & Shelley, of Austin, Tex., for defendants.

WEST, District Judge. The defendants, limiting their appearance solely to contesting jurisdiction, move to dismiss the bill upon grounds specified:

I. That none of the defendants are residents or citizens of the state of Texas, but are residents and citizens of the state of Kentucky.

II. That the action is not to enforce any legal or equitable lien upon or claim to real or personal property within the Western district of Texas.

Concerning objections I and II:

[1, 2] Jurisdiction may obtain, though none of the defendants are residents and citizens of the state of Texas. Diversity of citizenship alone would not suffice where neither plaintiffs nor defendants were residents or citizens of the state of the forum. In re Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; Foulk v. Gray (C. C.) 120 Fed. 156. But plaintiffs are asserting a lien upon certain real property situated within this judicial district, thus seeking to bring the action within the provisions of section 57 of the Judicial Code, formerly section 8 of Act March 3, 1875, c. 137, 18 Stat. 472. Neither plaintiffs nor defendants are residents or citizens of the state of Texas. The plaintiffs are residents and citizens of the states of Maryland and Idaho, the defendants of the state of Kentucky; the situs of the rem being within this Western Judicial District of the state of Texas.

A suit to establish a lien upon or claim to property under section 57 of the Judicial Code may be maintained in the district of the state where the property is situated, though neither plaintiff nor defendant is a resident thereof. Kentucky Coal L. Co. v. Mineral Devel. Co., 219 Fed. 45; Gillespie v. Pocahontas C. & C. Co. (C. C.) 162 Fed. 742; Goodman v. Niblack, 102 U. S. 556, 26 L. Ed. 229. So far as objec-

tions I and II are concerned, jurisdiction depends on whether or not the action is one to establish a lien upon the land in question.

### Allegations of Plaintiffs' Original Bill.

[3] The plaintiffs, styling themselves creditors, file suit December 8, 1910, against the two Bascoms individually and as joint executors of the estate of S. Clarke Bascom, who died October 17, 1909. Plaintiffs' rights originate by the terms of the will of their mother in 1883. The estate consisted of lands situate in the states of Kentucky and Texas, held in common prior to the death of testatrix, one-fourth each to (1) Mary C. Albert, plaintiffs' mother, (2) S. Clarke Bascom, (3) Alpheus W. Bascom, (4) John R. Bascom, brothers of testatrix, residents of Kentucky. By the terms of the will the one-fourth share or interest in the common estate passed to plaintiffs, then minors, to be held in trust by S. Clarke Bascom until plaintiff Fannie Pleasants reached the age of 21. The trustee was given full power to lease, sell, and convey, to invest and reinvest, holding proceeds subject to the trust. The plaintiff Fannie reached the age of 21 in 1898. No report or accounting of any character is alleged to have been made by the trustee, S. Clarke Bascom, up to the date of his death in October, 1909. His will was probated in the Bath county court, Ky., December, 1909. By its terms all his interest in the common property passed to his brothers, Alpheus and John R., who were named his executors, subject, as alleged by plaintiffs, "to whatever claim they might have against same."

Plaintiffs allege that:

"Upon careful inquiry they are advised, and so charge, that the value of the personal property belonging to the estate of S. Clarke Bascom is inadequate to satisfy their claim, and that there is no personal property of said estate within the jurisdiction of this court belonging to said estate."

Three tracts are described as being in the state of Texas, and alleged to be a part of the original common holding in proportions as hereinbefore set out. The undivided one-fourth part theretofore owned and held by S. Clarke Bascom was by his will devised to the said Alpheus W. and John R. Bascom. The one-fourth part of these three tracts of land were conveyed by plaintiffs and defendants by deeds called partition deeds to the defendants Alpheus W. and John R. Bascom, and contemporaneous therewith, on November 23, 1909, plaintiffs and defendants entered into an agreement in writing (Plaintiffs' Exhibit No. 3), plaintiffs alleging:

"That the legal and equitable effect of said agreement is to give the claimants herein a lien against the interests of the devisees of the late S. Clarke Bascom in the aforesaid tracts, * * * with the right to enforce the sale thereof for the purpose of satisfying their claim."

A careful inspection of Plaintiffs' Exhibit No. 3, being the agreement referred to, does not bear out their claim that a lien was thereby fixed upon the interest in the tracts conveyed with the right to enforce same by sale. The agreement in effect merely negatives any intention on part of the plaintiffs by the execution of the said partition

deeds to waive any rights or claims against the estate of S. Clarke Bascom as follows:

"And do not waive any rights that they have, if any, to subject any of the property conveyed by the above-mentioned partition deeds; * * * that whatever rights they have or ever had to require payment and collection of any such trust funds or property are as well preserved since the execution of said partition deeds as they were before."

No claim of damage or dereliction is alleged against Alpheus W. and John R. Bascom as individual defendants, nor any claim of damage or dereliction against them as executors of the estate of S. Clarke Bascom, other than as being the successors as heirs, devisees, and executors holding right, title, and possession of the tracts of land upon which lien is asserted as general creditors. The prayer is that S. Clarke Bascom's interest in the Texas lands be seized by a receiver of this court, whose appointment is also prayed for, and same sold to pay plaintiffs' claim and those of other creditors who may unite with them. Service by publication on the defendants named is prayed for. The court is without power to enforce a personal judgment upon citation by publication. The action is based upon the assertion of a right to enforce a lien on specific property within the district. All material allegations of the bill bearing upon the question have been carefully stated and considered.

[4] A vital question is whether or not the action is in rem. The bill does not definitely assert any right of lien upon the S. Clarke Bascom interest in the Texas lands, except through the terms of the agreement between parties plaintiff and defendant known as Plaintiffs' Exhibit No. 3. This instrument, as already noted, wholly fails to fix or declare any lien upon any specific property, leaving the parties to such rights as they were in law entitled independent of the agreement. If plaintiffs are relying upon some statutory or implied legal or equitable lien, the bill fails to make any affirmative allegation or prayer to that effect. Only such may be considered.

Plaintiffs' claim of jurisdiction as being an action in rem for the enforcement of a contract lien upon specific property with prayer for foreclosure could at this state very properly be denied, since the agreement exhibited wholly fails in the legal effect claimed by plaintiffs. It does appear, however, from the bill that, independent of obligations imposed on S. Clarke Bascom, deceased, as trustee, the relation of cotenancy as to the lands sought to be subject to lien has existed between plaintiffs and defendants and their privies since 1883. It also appears that the bill is brought by plaintiffs as general creditors of the estate of S. Clarke Bascom, and the question arises whether, as cotenant creditor or general creditor, plaintiffs are by law given a specific lien upon specific property.

[5] Plaintiffs are not seeking recovery of S. Clarke Bascom's estate because of any default of obligation on his part as cotenant. In the casting of accounts sought no claim of indebtedness or damage to them is alleged against him as cotenant. Without pleading to support such a claim, even though pressed in argument, it must be disregarded as an element affecting the jurisdiction of the court. The gist of complain-

ants' bill is for recovery against their trustee for failure to account for moneys received by him from sales, leases, rentals, incomes, etc., all arising out of the trust relation; the assertion of a lien as existing against certain lands of his estate in Texas; for possession, appointment of receiver, and foreclosure.

[6] In partition, which is not sought here, the law is that equities which may be adjusted and enforced in a suit for partition are such only as arise out of the relation of the parties to the common property; ordinary instances of the equitable lien thus arising are where one tenant in common has discharged incumbrances, paid taxes, purchased claims, and paid part of purchase price. Freeman, Cotenancy and Partition, §§ 506 and 512; Niday v. Cochran, 42 Tex. Civ. App. 292, 93 S. W. 1027. In Hume v. Howard (Tex. Civ. App.) 48 S. W. 202, Justice Key holds that even a contract by tenants in common to pay a cotenant their share of expense of procuring their share in an estate does not create a lien on the property awarded. Being a disbursement for account of the common good to the common property, it would occupy a higher plane than the claim of a general creditor who is proceeding independently against specific property, as in this case.

Even in partition proceedings the specific lien on particular property is denied. The question is settled by the Supreme Court of this state in Kalteyer v. Wipff, 92 Tex. 673, 52 S. W. 63, which holds that a tenant in common has no lien upon the share of his cotenant for rents received by the latter without his share, in such sense as to entitle him to maintain a simple action for debt and foreclosure therefor. The present action is not one of cotenant seeking recovery or relief against cotenant as such, but one of cestuis que trustent, as creditors against the decedent trustee's heirs and executors, for debt and accounting.

[7, 8] What character of lien does the law give plaintiffs, general creditors, upon specific property of decedent debtor's estate? On the death of S. Clarke Bascom his estate vested in his devisees subject to the payment of his debts. Vernon's Sayles' Ann. Texas Statutes, vol. 2, § 3235. Plaintiffs' claims against decedent Bascom constitute a lien upon all of the property of his estate subject to the payment of debts, and this lien may be enforced by the creditors by means of administration. A general lien in favor of all creditors upon all of the estate exists, although no general creditor has a lien for his debt on a particular piece of property. Moore v. Moore, 89 Tex. 33, 33 S. W. 217. The general charge or lien of creditors against a decedent's estate in favor of creditors should be enforced by administration. Sometimes this result is accomplished through a suit for partition having the heirs and creditors before the court. Freeman on Partition, §§ 506–512; Kalteyer v. Wipff, 92 Tex. 673, 52 S. W. 63. The suit at bar is neither an "administration" nor one for partition, but that of general creditors seeking to enforce a specific lien for their debt on a particular piece of property, which lien, as such, the court in Moore v. Moore declares does not exist.

[9] Is the action in rem or in personam? Suits by creditors against heirs holding lands of a decedent debtor to subject the lands to payment

of claims are frequent. One of the early leading cases is Webster v. Willis, 56 Tex. 472. The action is identical in some respects to the one under consideration. Willis, creditor, in an action for debt, holding a note of Sanderson, decedent, sues unknown heirs and asserts the general lien as existing on a particular tract of land, prays for seizure, foreclosure of lien, etc. Service was had by publication. The court says:

"This proceeding is not based upon any specific lien upon the land which was decreed to be sold; the cause of action * * * rested upon a supposed cause of action in personam against the heirs of Mrs. Sanderson"—citing State v. Lewellyn, 25 Tex. 797; Yancy v. Batte, 48 Tex. 59.

The court declares on page 476 that:

"A charge or lien upon the property in the hands of an heir seems to be general and in favor of all creditors alike, but not giving a specified lien to any particular creditor and on any specified property."

In reversing and remanding a decree of the lower court awarding foreclosing of creditor's lien on particular property, the court on page 477 says:

"The law contemplates a personal judgment. The judgment in this case does not conform to this view of the statute; it is framed upon the theory that the proceeding is wholly in rem, and the decree in effect is a condemnation of the land as upon proceedings to foreclose a mortgage or other specific lien."

Referring to the effect of this decision and approving same, Justice Brown, in Moore v. Moore, 89 Tex. 33, 33 S. W. 218, says:

"Under our decisions it is held that, when property is distributed among the heirs and a debt against the ancestor remains unpaid, the creditor may sue the heir and recover a personal judgment against him for the debt, to the amount of the value of the property received by the heirs from the estate, but that a judgment cannot be entered foreclosing a lien upon that property."

Approving Webster v. Willis and State v. Lewellyn, Chief Justice Willie, in a suit where a general creditor obtained judgment subjecting property of decedent debtor in possession of heirs to foreclosure of general statutory lien (Mayes v. Jones, 62 Tex. 365), reversing the judgment, says:

"We think that the court also erred in foreclosing a lien upon the Wilson county land and in decreeing its sale in satisfaction of the judgment. Our statute does not give any creditor a lien upon any specific piece of property of the deceased debtor by reason of its descent to his heirs. The entire creditors of the deceased have the right to subject such property to the payment of their debts; and to that end they, or any one of them, may sue the heirs for the debt, and obtain judgment to the extent of the property received by the heirs from their deceased ancestor. The suit is in personam, and the heir may show in defense that he has received no assets by descent, and prevent any recovery whatever against himself, or limit the recovery to the amount so received. The judgment when recovered is conclusive of the fact that the heir has received assets to the amount for which it is rendered, and an execution issues upon it as in case of any other judgment in personam."

The effect of these decisions conclusively show that the plaintiffs' right of action as general creditors having claims against property of a decedent debtor invoking the general statutory lien is one in personam, and not in rem. This court cannot entertain jurisdiction under the provisions of section 57 of the Judicial Code unless the suit is one

in rem, because, as before stated, independent of the provisions of the Code, no personal judgment could be rendered by this court upon service by publication; none of the defendants being residents or citizens of Texas.

[10] The lien must have existed anterior to the suit. Circuit Justice Lowell in Dormitzer v. Illinois Bridge Co. (C. C. Mass. 1881) 6 Fed. 218, defining the character of lien or claim to property referred to in the then recent act of March, 1875, now section 57 of the Judicial Code, in a case of attachment of property of an absent defendant, on demurrer to jurisdiction, sustaining same, says:

"A recent statute gives these courts jurisdiction to enforce a lien upon or claim to, or remove an incumbrance or lien or cloud upon the title to, real or personal property within the district, though the defendants, or some of them, may not be either inhabitants thereof or found therein, first giving notice to the absent defendants. St. 1875, c. 137, par. 8; 18 St. 472. But this means a lien or title existing anterior to the suit, and not one caused by the institution of the suit itself."

This early interpretation of the meaning of the act has been sustained and approved in the following cases: Morris v. Graham (C. C.) 51 Fed. 56; Jones v. Gould (C. C.) 141 Fed. 700; Shainwald v. Lewis (D. C.) 5 Fed. 510; Jones v. Gould, 149 Fed. 154, 80 C. C. A. 1; W. U. Teleg. Co. v. L. & N. Ry. (D. C.) 201 Fed. 944; Bucyrus Co. v. McArthur (D. C.) 219 Fed. 268; Wabash R. Co. v. West Side Belt Co. (D. C.) 235 Fed. 647; Scott v. Neely, 140 U. S. 113, 11 Sup. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804.

The action is not one to enforce a specific lien upon specific property existing prior to the suit as contemplated by the statute.

For the reasons stated, it appears that defendants' grounds of objection to the jurisdiction are well taken. Their motion to dismiss plaintiffs' bill should be sustained; and it is so ordered.

⊂═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes