KAY et al. v. THOMPSON et al.

No. 1070.

Court of Civil Appeals of Texas. Waco.

June 4, 1931.

Rehearing Denied July 9, 1931.

P. O. French, of Fairfield, for appellants.

L. W. Shepperd, of Groesbeck, and Frank Fitzpatrick, of Waco, for appellees.

GALLAGHER, C. J.

Appellants, Mrs. Emma Kay and husband, instituted this suit in the district court against T. J. Thompson, B. P. Thompson, Mittie Watkins and husband, F. M. Watkins, and M. E. Bloom and husband, S. L. Bloom, to partition a tract of 82½ acres of land. Appellants alleged that said tract of land constituted the entire estate of Mrs. M. A. Thompson, deceased; that the same was her separate property; that she was a widow at the time of her death, and occupied the same as her homestead, but that she left surviving her

no one entitled to occupy the same as a homestead at and after her death. Appellants further alleged that Mrs. Thompson died intestate, that said Mrs. Kay, Mrs. Watkins, Mrs. Bloom, T. J. Thompson, and B. P. Thompson were her children and her only heirs, and that they inherited title thereto from her in equal portions. They further alleged that there had never been any administration on the estate of the deceased; that there was no necessity therefor; that the only debt against said estate was for the expense of the burial of the deceased, amounting to the sum of $211.50; that appellant Mrs. Kay had paid $154, Mrs. Bloom $42.50, and T. J. Thompson $15 thereof, and that said expense was a valid charge and lien against said land. They sought as an incident of the partition to establish said debt and have the same satisfied out of said property in equitable proportions.

The trial was by the court. Appellees excepted to all of appellants' petition, setting up the existence of said debt, asserting a lien therefor upon said tract of land, and asking that the same be satisfied out of the same. The court sustained said exception, and ordered said property partitioned in kind among said heirs of the deceased in equal portions.

### Opinion.

Appellants assign as error the action of the court in sustaining said exception. They contend in a proposition presented thereunder that, since the deceased, Mrs. Thompson, was a widow at the time of her death, and left surviving her neither a minor child nor an unmarried daughter, and since the land sought to be partitioned was her separate property, the same, though occupied by her as a homestead at the time of her death, passed to her heirs charged with the debt incurred for her burial. Appellees, in a counter proposition presented under said assignment, contend that, since said property was the homestead of the deceased, the same cannot be charged in the hands of her heirs with any indebtedness, except for purchase money, taxes due thereon, or for work and material used in constructing improvements thereon, as provided in article 3499 of the Revised Statutes, which article reiterates constitutional provisions of similar import, and that, since the expense incurred in burying the deceased is not an indebtedness of such character, it cannot be enforced against said tract of land.

■ Article 3314 of our Revised Statutes provides, in substance, that, when a person dies intestate, all his estate shall vest immediately in his heirs at law, and that such estate, except such part thereof as may be exempted by law, shall still be liable and subject in their hands to the payment of his debts. Unless said property was, by virtue of the fact that it was occupied by the deceased as a homestead at the time of her death, exempt from appropriation to the payment of the expense of her burial, such expense constituted a lien thereon. Moore v. Moore, 89 Tex. 29, 33, 33 S. W. 217; Gibson v. Oppenheimer (Tex. Civ. App.) 154 S. W. 694, 699, pars. 9 and 10; Albert v. Bascom (D. C.) 245 F. 149, 153, par. 7. There being no administration on Mrs. Thompson's estate and no necessity therefor, and the expense of her burial being the only debt or charge against the same, a suit in the district court to partition such estate, to establish such charge against the same, and provide for its payment in equitable proportions, was proper. Moore v. Moore, supra; Zwernerman v. Rosenberg (Tex. Sup.) 11 S. W. 150.

■■ The determination of the issue under consideration depends upon whether the homestead exemption of said tract of land terminated at the death of Mrs. Thompson, or whether it continued for the protection of the same after it passed by inheritance to the parties to this suit. The test prescribed by our Supreme Court for determining whether the homestead exemption of property continues after the death of the owner is whether such owner left surviving a husband or wife, a minor child, or an unmarried daughter residing with the family. If any such constituent of the family survives, the exemption continues, and the heirs of such deceased owner take title to the homestead property, subject to the right of occupancy of such surviving constituent, but subject only to such debts as are described in article 3499 of the statutes, above cited. The most recent case in which the Supreme Court applied such test and held that the exemption continued was Milner v. McDaniel (Tex. Com. App.) 36 S.W.(2d) 992, 993, par. 1. For other instances of such application and holding see Childers v. Henderson, 76 Tex. 664, 13 S. W. 481; Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485; Cameron v. Morris, 83 Tex. 14, 18 S. W. 422; Lacy v. Lockett, 82 Tex. 190, 17 S. W. 916; Roots v. Robertson, 93 Tex. 365, 55 S. W. 308; Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633, 66 A. L. R. 916; Ward v. Hinkle, 117 Tex. 566, 8 S.W.(2d) 641. Our Supreme Court, in further application of such test, has from an early day held that, where no constituent member of the family survives the owner, the homestead exemption ceases to exist, notwithstanding such owner left children or other descendants who were not members of his family at his death. For instances of such application and holding see Burns v. Jones, 37 Tex. 50; Givens v. Hudson, 64 Tex. 472; Roots v. Robertson, 93 Tex. 365, 55 S. W. 308; Holland v. Swilley (Tex. Civ. App.) 268 S. W. 758 (writ refused); Wilkins v. Briggs, 48 Tex. Civ. App. 596, 107 S. W. 135. The Supreme Court in Roots v. Robertson, supra, held that the exemption of property as a homestead to a single man as the head of a family consisting of himself and his dependent mother ceased

at his death, because she was not within the terms of the statute authorizing the homestead to be set apart for the use of the widow, minor child, or unmarried daughter of the owner. The court further held that, though she might take the property at his death by inheritance or devise, the exemption thereof from appropriation to the payment of his debts could not be so transmitted.

Applying the test so prescribed by our Supreme Court, we are constrained to hold that the homestead character and exemption of said tract of land ceased at Mrs. Thompson's death, and that it was subject in the hands of the parties to this suit to the indebtedness incurred by appellants in giving her decent burial. It follows that the court erred in sustaining the exception to so much of appellants' petition as set up a claim for money expended by them in providing such burial, and sought to charge the same upon the land to be partitioned.

The judgment of the trial court is reversed, and the cause remanded.