**HUBERT v. JACKSON et al.**

No. 2910.

Court of Civil Appeals of Texas. Waco.

April 13, 1950.

Rehearing Denied May 11, 1950.

Helen M. Viglini, Dallas, for appellant.

Storey, Sanders, Sherrill & Armstrong, Dallas, Irwin & Irwin, Dallas, for appellees.

LESTER, Chief Justice.

This is an appeal from the dismissal of appellant's cause of action by the 116th Judicial District Court of Dallas County, Texas.

Jessie Hubert filed suit in said court against the independent executor of and devisees under the will of the deceased to establish her claim in the sum of $250 for services alleged to have been rendered by her for the deceased under an oral contract, expressed or implied; and prayed for foreclosure of her statutory lien upon the non-exempt real property left by the deceased of the alleged value of $2,750, which was alleged to be in the hands of the independent executor, or in the alternative, in the possession of the devisees.

The executor and devisees filed their respective pleas to the jurisdiction of the court and the court sustained each of said pleas and dismissed the suit. Appellant says that her suit being for the establishment of her claim and for the foreclosure of her statutory lien upon real estate, the district court had jurisdiction of the cause irrespective of the amount of said claim and the court erred in sustaining the pleas and dismissing her suit. Appellees contend the court correctly sustained said pleas to the jurisdiction for the reason that the district court does not have jurisdiction of the cause where the alleged lien is one claimed by the holder of an unliquidated claim for $250 against the deceased and where the sole basis of jurisdiction was under Article 1906, Subdivision 4, Revised Civil Statutes of Texas 1925, to foreclose the alleged lien.

Article 3314, Vernon's Annotated Civil Statutes, reads as follows: "When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject however, to the payment of the debts of the testator or intestate, except such as may be exempted by law; and, whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exceptions aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law."

Under the terms of the above statute, we are of the opinion that the non-exempt property of a deceased person is subject to the payment of all legal obligations outstanding against the estate existing at the time of death, whether such demands be liquidated or unliquidated, and the holders of such demands have a statutory lien upon such property and the devisees or heirs of a deceased person are not entitled to such estate until said obligations are paid. Van v. Webb, 147 Tex. 299, 215 S.W.2d 151; Blinn v. McDonald, 92 Tex. 604, 46 S.W. 787; Morrell v. Hamlett, Tex.Civ. App., 24 S.W.2d 531; Ashbrook v. Hammer, Tex.Civ.App., 106 S.W.2d 776; Roberts v. Carlisle, Tex.Civ.App., 287 S.W. 110, 4 S.W.2d 144.

The property being subject to the payment of the debts of the deceased, the statute gives the creditors a lien upon the same to secure the payment of said debts and a creditor is entitled to have said lien foreclosed in a proper action instituted therefor. In the instant case it is sought to have the lien foreclosed upon real estate, which the district court has jurisdiction of regardless of whether the amount sued for is within the jurisdiction of said court. We cannot perceive of any valid reason for requiring appellant to first try in the county court her claim for services rendered the deceased, which she alleges are of the value of $250, and if successful then file suit in the district court for the foreclosure of her lien against the land left by the deceased. The district court is the only court that can grant all the relief sought. We are of the opinion that the appellant was entitled to file and maintain in the district court her suit to establish her claim, although the same be unliquidated, and to have her lien foreclosed if she should be successful in the establishment of said claim.

Being of the opinion that the court erred in sustaining said pleas and dismissing said cause, the judgment is hereby reversed and the cause remanded.