DORA JACKSON ET AL V. JESSIE HUBERT.

No. A-2757. Decided November 29, 1950.
Rehearing overruled December 20, 1950.
(234 S. W., 2d Series, 414.)

*Irwin & Irwin* and *George W. Irwin,* for Will Parker, independent executor, *Storey, Sanders, Sherrill & Armstrong,* and *Hugh L. Steger,* for devisees, all of Dallas, for petitioners.

It was error for the Court of Civil Appeals to hold that the district court had jurisdiction of the action to establish an oral claim for personal services for $250.00 against the defendants, because such suit is not by virtue of Article 3314, R. S., an action within the exclusive lien jurisdiction of the district court for the enforcement of liens against real estate, since plaintiff held no lien at the time of decedent's death. Pierce v. Foreign Mission Board, 235 S. W. 552; Hillebrand v. McMahan, 59 Texas 450; Neyland v. Brammer, 146 S. W. 2d 261.

*Helen M. Viglini,* of Dallas, for respondent.

The Court of Civil Appeals was not in error in holding that respondent, Jessie Hubert, was entitled to file and maintain her suit in the district court to establish her claim, although unliquidated, and to have her lien foreclosed if she should be successful in establishing her claim. Roberts v. Carlisle, 287 S. W. 110; Croswell v. Nicholasch, 297 S. W. 234; Dr. Pepper Co. v. Rainboldt, 40 S. W. 2d 827.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The question in this case is whether the district court has jurisdiction. That court sustained petitioners' pleas of the jurisdiction and dismissed the suit. The Court of Civil Appeals reversed the judgment of the district court and remanded the

cause, holding that the district court has jurisdiction. 229 S. W. 2d 842.

Respondent Jessie Hubert filed this suit in the district court of Dallas County against petitioner Knox Sherrill, independent executor, and petitioners Will Parker and Dora Jackson, devisees, under the will of Angie Aldridge, deceased, to establish her claim in the sum of $250.00 as the reasonable value of services rendered by her to Angie Aldridge during her last illness pursuant to an oral contract, and in the alternative to recover $250.00 on quantum meruit. The petitioner alleges that certain real property which belonged to Angie Aldridge and is described in the petition is subject to a statutory lien securing the claim, and the prayer is for judgment establishing her claim and for foreclosure and sale of the property.

The Court of Civil Appeals, in holding that the district court has jurisdiction of the suit, sustained respondent's contention that by reason of the provisions of Article 3314 of the Revised Civil Statutes of 1925 respondent, as a creditor of the testatrix, has a statutory lien on the real property described in the petition, and that her suit is a suit for the enforcement of a lien on land within the meaning of Subdivision 4 of Article 1906 of the Revised Civil Statutes of 1925, which defines the original jurisdiction of the district court. It is the contention of the petitioner that the primary and essential nature of respondent's suit is to establish a claim for $250.00, an amount within the exclusive jurisdiction of the county court, and that the suit is not one for the enforcement of a lien on land within the meaning of Subdivision 4 of Article 1906. They submit that the article which gives to district courts jurisdiction for the enforcement of liens on lands has reference to contractual or statutory liens which exist before or at the time of the institution of the suit, and does not have reference to the right given by Article 3314 to subject property passing to devisees or heirs to the payment of debts or claims that may be established against the estate of the decedent.

Article 3314, copied from former codes, including that of 1879, with slight changes not material here, is as follows:

"When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject however, to the payment of the debts of the testator or intestate, except such as may be exempted by law; and,

whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exceptions aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law."

The article quoted does not in terms give the creditor a statutory lien. The language used is that the property vests in the devisees, legatees or heirs "subject however, to the payment of the debts of the testator or intestate." The article has reasonably been construed in Neyland v. Brammer, 146 S. W. 2d 261, 262, 263, as follows:

"In the event the property of a deceased debtor is in the hands of an independent executor, the creditor may subject it to his debt by the same methods that were available to him while the debtor was alive—by attachment, garnishment or execution. If the property of the deceased debtor is in the hands of devisees or distributees, the creditor may, by suing, establish his debt and subject the property in their hands thereto.

\* \* \* \* \*

"It follows that where property is in the hands of devisees, distributors, or heirs as the result of said Article 3314, a creditor of the deceased's estate may sue such heir, distributee, or devisee and thereby establish his claim against such estate, in which event the court will, under appropriate prayer, subject the property received by such heir, distributee, or devisee, to the satisfaction of the judgment rendered in such cause.

"Until a debt has been established, however, the creditor can no more assert a lien against the assets of the deceased's estate than he could have asserted during the debtor's lifetime."

In several decisions, however, the right of a creditor, respecting the decedent's land in the hands of a devisee or heir, as fixed by the provisions of Article 3314, has been "denominated \* \* as itself a statutory lien". Van v. Webb, 147 Texas 299, 305, 215 S. W. 2d 151; Blinn v. McDonald, 92 Texas 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931; Moore v. Moore, 89 Texas 29, 33 S. W. 217; Smith v. Patton, (Com. App.) 241 S. W. 109; Cook v. Baker, 45 S. W. 2d 161, 166; McFarland v.

Shaw, 45 S. W. 2d 193, 198; Westerfeld v. Stout, 129 S. W. 2d 478. It was further held in the above cited cases that the creditor suing to establish his claim may have judgment fixing and foreclosing a "statutory lien" on property that passed from the devisees or heirs. It is to be observed, however, that none of the cases above cited involved, and none of them decided, the question of jurisdiction of the district court presented in the instant case. The district court had jurisdiction in those cases by reason of the amount of the claim sought to be established or enforced, or for some other reason than that foreclosure of a lien on land was sought under Article 3314. This is true also of the authorities cited in the opinion of the Court of Civil Appeals herein and of those cited in respondent's brief. This Court was careful to point out in Moore v. Moore, 89 Texas 29, 34, 33 S. W. 217, that "the District Court had original jurisdiction of the subject matter of the claim of defendants against the plaintiffs", and that there was no question of jurisdiction of the court. Those cases, therefore, are not authorities to support the contention that suit, as that before us, on a claim for $250.00 against the heirs or devisees of a decedent may, by reason of Article 3314, be maintained in the district court on the theory that it is a suit for the enforcement of a lien on land.

Hillebrand v. McMahan, 59 Texas 450, in our opinion supports the conclusion that respondent's suit is not a suit for the enforcement of a lien on land within the meaning of Section 4 of Article 1906. In that case the one question decided was that a justice of the peace has jurisdiction to foreclose an attachment lien on land notwithstanding the provision of Section 8 of Article V of the Constitution of 1876 that "the district court shall have original jurisdiction * * of all suits for trial of title to land and for the enforcement of liens thereon".

The court held in that case that in the adoption of the Constitution of 1876, and particularly its Section 8 of Article V, the intention was to limit the exclusive jurisdiction of the district courts to that class of liens on land of which they had taken special and sole cognizance under previous constitutions, that is to say, liens "such as were created by the act of the parties, as existed before the suit was commenced, and formed the basis of it, or an important part of the same, such as mortgages, deeds of trust, vendor's and mechanics' liens, and others of like character", and not to restrain the power then and for a long time previously exercised by justices of the peace to foreclose attachment liens. The opinion in so holding states that liens created by the levy of an attachment or execution or

the rendition of a judgment in a court of record are of a class wholly different from those created by the act of the parties and first above described, in that those created by attachment and the like did not exist at the commencement of the suit but were acquired during its progress and by reason of the proceedings had in the cause, that they did not arise from the consent of the parties, but were fastened unwillingly upon the property by reason of certain legal measures pursued in court by the plaintiff, and that "they were not the foundation of the action but were incidents arising during its progress". 59 Texas 450, 453-455. Hillebrand v. McMahan was approved and followed in Baker v. Pitluk & Myer, 109 Texas 237, 242, 205 S. W. 982, which in turn was approved in Stewart v. Rockdale State Bank, 124 Texas 431, 434, 79 S. W. 2d 116.

The language used in Section 4 of Article 1906 which gives original jurisdiction to district courts of suits for the enforcement of liens on land is the same as that used in Section 8 of Article V of the Constitution, which provides that the district court shall have original jurisdiction of all suits for the enforcement of liens on land. A suit in justice court in which an attachment lien on land is foreclosed is, according to Hillebrand v. McMahan, not a suit for the enforcement of a lien on land within the meaning of Section 8 of Article V of the Constitution. It seems logically to follow that a suit to establish a claim in an amount within the jurisdiction of the county court, or of the justice court, in which the claimant seeks foreclosure of a "statutory lien" on land arising out of Article 3314 is not a suit for the enforcement of a lien on land within the meaning of Subdivision 4 of Article 1906. The "statutory lien" sought to be foreclosed in this suit is not a lien in the ordinary sense. It is, as said in Moore v. Moore, 89 Texas 29, 33, 33 S. W. 217, a general lien in favor of all the creditors upon all the property of the estate that is subject to the payment of debts, no creditor having a lien upon any specific property. There is no evidence of the lien and it cannot be successfully asserted against any particular property of the estate until the debt has been established. The lien is in several respects like those of the second class discussed in the opinion in Hillebrand v. McMahan. It is not created by the act of the parties and it does not form the basis of the suit. It is rather an incident that arises from establishing the claim. The primary and essential nature of respondent's suit is to establish the claim for $250.00.

The affirmance of the judgment of the Court of Civil Appeals would in its practical effect convert district courts into

courts of claims, in which a claim, however trivial, against the estate of one who died owning real property would be litigated on the basis of the allegation that the claimant seeks to foreclose a statutory lien against the real property. The owner of a small claim is not without remedy and is not compelled, after obtaining judgment establishing his claim, to resort to district court to foreclose his lien. The ancillary remedies of attachment and execution are available to him in his suit in justice or county court in order to subject to his debt property that belonged to the decedent.

It is believed that what has been said above about the nature of the "statutory lien" answers also respondent's contention that the district court has jurisdiction because the value of the property against which she seeks foreclosure of a lien exceeds $1000.00.

It is our opinion that the district court does not have jurisdiction of respondent's suit. The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion delivered November 29, 1950.

Rehearing overruled December 20, 1950.