**Lela S. CHRISTOPHER, Appellant,**

v.

**Roxie Hinton BROWNING et vir, Appellees.**

No. 6939.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 24, 1957.

Rehearing Denied Feb. 7, 1957.

Ernest May, Fort Worth, for appellant.

Lewis & Chandler, Jackonsville, for appellee.

DAVIS, Justice.

Claude Brown died intestate in Tarrant County, Texas, on June 16, 1954. A temporary administration was taken out upon his estate which was closed on July 16, 1954, and all the proceeds and assets of the estate were delivered to Roxie Hinton Browning, his sole surviving heir. On August 17, 1954, Lela S. Christopher filed suit against Roxie Hinton Browning, joined by her husband, John T. Browning, in the County Court at Law of Tarrant County, Texas, for an alleged indebtedness of $333. Judgment was rendered on October 4, 1954, by the County Court at Law in favor of Lela S. Christopher for the sum of $333 against Roxie Hinton Browning as the sole heir of Claude Brown, deceased. An abstract of judgment was filed in the office of the County Clerk of Cherokee County, Texas, on October 20, 1954.

On August 11, 1955, Lela S. Christopher filed a petition in the District Court of Cherokee County, Texas, against the said Roxie Hinton Browning et vir, and alleged that the judgment of the County Court at Law of Tarrant County has not been paid and that:

"Property of the decedent coming into possession of the defendant Roxie Hinton Browning by her inheritance included 47.8 acres of the W. S. Herndon survey in Cherokee County, Texas, and the proceeds of a bank deposit of more than $1,000.00. The defendant has refused to account to plaintiff for the personal property so received by her, or its proceeds. She and her husband reside upon the aforesaid land and claim a homestead exemption. But the homestead right is inferior to plaintiff's statutory lien."

She prayed:

"Plaintiff prays that her lien be foreclosed; that she have discovery of the personal property of Claude Brown inherited by Roxie Hinton Browning, and accounting of its proceeds; for costs; and for general relief."

In response to service of citation, appellees filed a plea to the jurisdiction of the court alleging that the amount involved in the suit was within the exclusive jurisdiction of the County Court.

Trial was to the court, without the intervention of a jury, and the court having carried the plea to the jurisdiction along to the conclusion of the trial, then sustained the same and dismissed the suit, hence the appeal.

Appellant brings forward five points of error, the substance of which complains of the action of the court below in dismissing her suit for want of jurisdiction.

We are met at the very outset with the decision of the Supreme Court of Texas in the case of Jackson v. Hubert, 149 Tex. 451, 234 S.W.2d 414, which is controlling here. Under the holding of the Supreme Court in this case, if a suit is necessary, under the state of facts above outlined, to establish and foreclose a lien, the jurisdiction of such suit would be in the County Court. The points of error are overruled.

The judgment of the trial court is affirmed.