Carmen L. LAWRENCE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 3-929.

United States District Court
N. D. Texas,
Dallas Division.

Jan. 9, 1967.

Locke, Purnell, Boren, Laney & Neely, by J. J. French, Jr., and Philip I. Palmer, Dallas, Tex., for plaintiff.

Melvin M. Diggs, U. S. Atty., by Kenneth J. Mighell, Asst. U. S. Atty., and Joel P. Kay, Trial Atty., Dept. of Justice, Washington, D. C., for the United States.

## JUDGMENT

WILLIAM M. TAYLOR, District Judge.

The above numbered cause having been tried before the Court on November 10, 1966, Plaintiff appearing by her attorneys, Philip I. Palmer and J. J. French, Jr., Defendant appearing by its attorney, Joel P. Kay, and the Court having considered the pleadings, exhibits, briefs, stipulations of counsel, evidence, other orders and matters in the file and having heard testimony of the witnesses and

argument of counsel makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiff is a domiciliary of Texas and the widow of F. A. Lawrence, a Texas domiciliary, who died on September 28, 1960.

2. Jurisdiction of this action is conferred by Section 7426(a) of the Internal Revenue Code of 1954, as amended by The Federal Tax Lien Act of 1966, P.L. 89–719, 80 Stat. 1125, § 110.

3. Plaintiff was the Independent Executrix of the Estate of F. A. Lawrence, deceased, and the sole beneficiary under the will of F. A. Lawrence, deceased.

4. This action involves a suit for an injunction to restrain the Defendant and its agents from attempting to collect an assessment of Six Thousand One Hundred Thirty and 36/100 Dollars ($6,130.36) against F. A. Lawrence, deceased which was not determined and assessed and sought to be collected by administrative levy against the property of plaintiff until more than four (4) years after the death of F. A. Lawrence.

5. Plaintiff administered the Estate of F. A. Lawrence as Independent Executrix until September 1962, at which time she filed the final Fiduciary Income Tax Return for the Estate of F. A. Lawrence and considering the estate to have been fully administered, Plaintiff transferred all the bank accounts at the Mercantile National Bank in Dallas, Texas to herself as beneficiary under the will of F. A. Lawrence.

6. The assessment against F. A. Lawrence, deceased, was determined on February 5, 1965 for a 100% penalty assessment under Internal Revenue Code Section 6672 for failure to withhold and pay over excise taxes due the United States Government by the Casa View Country Club for the fourth quarter of 1959 and the third quarter of 1960.

7. Plaintiff and Defendant, by and through their attorneys, entered into stipulations whereby Defendant would attempt no further action to collect the assessment referred to in parapragh no. 4 above until this suit for injunction had been heard and decided by this Court.

8. Defendant has never filed a sworn claim against the Estate of F. A. Lawrence for this assessment with the Plaintiff in her capacity as Independent Executrix.

9. Defendant has never filed a suit, to establish or enforce its claim based on the assessment, against Plaintiff in her capacity as Independent Executrix or as sole beneficiary under the will of F. A. Lawrence.

10. Defendant subsequently on March 31, 1965 attempted to collect the assessment against F. A. Lawrence, deceased, by levying on Plaintiff's account at the Mercantile National Bank in Dallas, Texas.

11. Defendant has never determined an assessment against Plaintiff for the 100% penalty on which the assessment against F. A. Lawrence, deceased, was made on February 5, 1965, but Defendant did attempt to collect the assessment against F. A. Lawrence, deceased, by summary administrative levy against Plaintiff by Defendant's levy on Plaintiff's bank accounts in the Mercantile National Bank in Dallas, Texas.

12. Plaintiff brought this action on March 31, 1965 for a permanent injunction to enjoin Defendant from collecting the assessment against F. A. Lawrence, deceased, by a summary administrative levy on Plaintiff's property.

### Conclusions of Law

1. Under Texas law property of a decedent vests in his heirs at law or beneficiaries under his will at the instant of his death.

2. The provisions of Section 6901 of the Internal Revenue Code of 1954 do not apply to the 100% penalty assessment for excise taxes under Section 6672 where there is neither the liquidation of a corporation or partnership nor the reorganization of a corporation.

3. Since the Estate of F. A. Lawrence, deceased, has been closed, Defendant has not followed the provisions of Texas Probate Code to establish and enforce its claim against the Plaintiff as sole beneficiary of the Estate of F. A. Lawrence by filing a suit against the Plaintiff as sole beneficiary.

4. With respect to the accounts in the Mercantile National Bank in Dallas, Texas to whom Defendant served its Notice of Levy, none of these accounts belong to the Estate of F. A. Lawrence, deceased, as all the accounts at the Mercantile National Bank in the name of either F. A. Lawrence or the Estate of F. A. Lawrence have been distributed to the Plaintiff prior to the date of the assessment against "F. A. Lawrence, deceased".

5. Until such time as the Defendant establishes its claim against plaintiff as provided by law in either her capacity as Independent Executrix of the Estate of F. A. Lawrence or as sole beneficiary under the will of F. A. Lawrence, the Defendant has no claim on the property of the Plaintiff and more especially the Plaintiff's bank accounts at the Mercantile National Bank on which the Defendant has previously served a Notice of Levy.

6. The summary administrative levy attempted by the Defendant under the facts presented in this case is not provided for by the Internal Revenue Code or the Texas Probate Code.

Therefore, it is ordered, adjudged, and decreed that Plaintiff is entitled to judgment for a permanent injunction to enjoin the Defendant from attempting to enforce its assessment against F. A. Lawrence, deceased, by a summary administrative levy against Plaintiff's property. Further, it is ordered that Defendant is required to release any claim to the Plaintiff's funds in the Mercantile National Bank in Dallas, Texas, which the Defendant may still have impressed on said funds by virtue of its Notice of Levy served on March 31, 1965, on the Mercantile National Bank to enforce Defendant's alleged claim against F. A. Lawrence, deceased.