**UNITED STATES of America,
Plaintiff,**

v.

**Carmen L. LAWRENCE, Defendant.**

**Civ. No. 3-3336.**

United States District Court,
N. D. Texas,
Dallas Division.

April 12, 1971.

Kenneth Mighell, Asst. U. S. Dist. Atty., Dallas, Tex., for plaintiff.

Philip I. Palmer, Sr., and Joe J. French, Jr., Dallas, Tex., for defendant.

HUGHES, District Judge.

This is an action by the United States to collect a one hundred per cent penalty assessment due for failure to pay over the excise tax on the dues of the Casa View Country Club for the fourth quarter of 1959 and the third quarter of 1960.

*Findings of Fact*

1. The defendant, Carmen L. Lawrence, is the independent executrix and sole beneficiary under the will of her husband, F. A. Lawrence.

2. Casa View Country Club, hereinafter called Club, was organized and incorporated on January 24, 1958. Casa View's promoters also incorporated Casa View Management Corporation, hereinafter called Management Corporation.

3. In accordance with an agreement termed Operator's Agreement, dated June 11, 1958 between Management Corporation and Club, Management Corporation received from Club full authority to operate and manage the club. As a part of its responsibilities Management Corporation determined the initiation fee and other requirements for membership in the Country Club and promulgated rules and regulations to govern the use of the Club's facilities. Management Corporation had complete control over the collection and expenditure of all funds.

4. Operator's Agreement further provided that the monthly dues received by Club should be disbursed first to the discharge of Federal excise taxes and any other taxes due thereon.

5. On November 17, 1958 Management Corporation having encountered financial difficulties, borrowed $35,000.00 from F. A. Lawrence.

6. In an agreement of November 17, 1958 between all the stockholders of Management Corporation and F. A. Lawrence, Lawrence was given authority to co-sign all checks or drafts on either Club or Management Corporation until such time as the $35,000.00 loan, plus interest was repaid in full. Lawrence was also given a share in the debtor's profits.

7. The agreement also provided that should the loan not be fully repaid within two years, Lawrence automatically acquired Management Corporation with all its assets, as well as the leasehold with option to buy, held by promoters of Management Corporation and Club.

8. As a result of the November 17, 1958 agreement Club's bank accounts were closed and two new ones opened on December 1, 1958. These accounts accommodated Lawrence's co-signing authority. On February 4, 1959 the signature authority of one of the accounts was changed so as to allow Lawrence to sign individually or as a co-signer.

9. Following the agreement of November 17, 1958 Club manager conducted the day to day operation of the Club's facilities while Lawrence handled all fiscal matters.

10. Lawrence signed or co-signed all the checks from the operating and capital accounts of Club before, during, and after the period during which the excise taxes on the dues of Club were required to be collected, accounted for, and paid over.

11. In January 1959 Lawrence participated in a discussion of the payment of excise taxes on the dues of the club. Lawrence was himself an accountant and he was advised by Richard Mackay, his attorney, that the taxes should be paid.

12. The dues for the fourth quarter of 1959 and the third quarter of 1960 were collected on a month to month basis, but the excise taxes were not paid nor had Lawrence purchased depository receipts nor had he segregated the taxes. During this period all checks were signed by Lawrence.

13. For the third quarter of 1959 Lawrence paid the excise tax, and on another occasion he purchased a depository receipt for the payment of excise taxes on the dues of the club.

14. Lawrence died on September 28, 1960 leaving a last will filed with the County Court, Dallas County, Texas on

October 14, 1960. Lawrence's wife, Carmen L. Lawrence, was appointed independent executrix and is the sole beneficiary of his estate.

15. The assets of F. A. Lawrence vested in Carmen L. Lawrence and consisted of real and personal property of an appraised value of $88,000.00.

16. On February 5, 1965 a delegate of the Secretary of the Treasury made an 100% penalty assessment against the estate of F. A. Lawrence and Carmen L. Lawrence as the independent executrix of said estate for the fourth quarter of 1959 and the third quarter of 1960 in the amount of $6,075.13.

17. Carmen L. Lawrence did not adduce any evidence contesting the amount of the assessment as made.

### Conclusions of Law

1. This Court has jurisdiction of this action under Title 28, United States Code Section 1340 and Section 1345, and under Section 7402 of the Internal Revenue Code of 1954.

 2. The certificate of assessment, reflecting the assessment of a one hundred per cent penalty against F. A. Lawrence for failure to pay over the excise taxes for the quarters involved is presumptively correct and defendant, Carmen L. Lawrence, presented insufficient evidence to overcome the government's prima facie case. United States v. Strebler, 313 F.2d 402 (8th Cir. 1963).

3. F. A. Lawrence was the responsible "person" within the meaning of Section 6671(b) required to collect and pay over the excise taxes on the dues of Casa View Country Club. Lawrence v. United States, 265 F.Supp. 590 (N.D. Tex.), United States v. Graham, 309 F.2d 210 (9th Cir. 1962).

4. F. A. Lawrence wilfully failed to pay over the excise taxes for the fourth quarter of 1959 and the third quarter of 1960 on the dues of the Casa View Country Club. Dillard v. Patterson, 326 F.2d 302 (5th Cir. 1963).

5. The liability of F. A. Lawrence for payment of taxes collected for the third quarter of 1960 arose upon the collection of those taxes and he is not relieved of liability because he died two days before the end of the quarter. Long v. Bacon, 239 F.Supp. 911 (S.D. Iowa 1965).

6. F. A. Lawrence was liable for a one hundred per cent penalty for failure to collect, truthfully account for, and pay over the excise tax on the dues of Casa View Country Club for the fourth quarter of 1959 and the third quarter of 1960.

7. Carmen L. Lawrence, as the sole beneficiary under the will of F. A. Lawrence is liable under the Texas Probate Code, Section 37, V.A.T.S., as the transferee of the assets of the estate of F. A. Lawrence for the one hundred per cent penalty assessed pursuant to Section 6672 of the Internal Revenue Code of 1954. Neyland v. Brammer, 146 S. W.2d 261 (Tex.Civ.App.1940). Jackson v. Hubert, 149 Tex. 451, 234 S.W.2d 414 (1950).