**AFFIRMED; Opinion Filed July 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01109-CV

## TRACY LYNN RENNIE (FORMERLY KNOWN AS TRACY LYNN SMITH), KEITH BAILEY AND DAVID LEWIS GOLDEN, Appellants
## V.
## KEITH ALAN YOUNG, Appellee

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-03129-2009**

# MEMORANDUM OPINION
Before Justices Bridges, Lang, and Schenck
Opinion by Justice Lang

After a bench trial, the trial court made findings of fact and conclusions of law and rendered judgment in favor of appellee Keith Alan Young. In a single issue, appellants Tracy Lynn Rennie, Keith Bailey, and David Lewis Golden contend the trial court erred as a matter of law in ruling that after their mother's death her separate property could be used to pay community debts. We affirm the trial court's judgment.

## BACKGROUND

Lynda Faye Young[1] died in 2006. At the time of her death, she was married to appellee Young. Rennie, Bailey, and Golden are Lynda's adult children. Young is not appellants' father,

---

[1] For clarity, we will refer to Lynda Faye Young as "Lynda."

however. Lynda and Young were married for more than twenty years, and Golden resided with them at their home in Princeton, Texas. Lynda died without a will. Young filed an affidavit of heirship supported by affidavits from appellants, and a judgment declaring the parties' interests in the estate was rendered in 2006. Subsequent disputes arose among the parties, however, and appellants brought suit against Young in 2009.

The particular issue on appeal is whether, as a matter of law, Young could pay off Lynda's share of community debts owed when she died using the proceeds from a sale of her separate real property in McKinney in which Lynda owned a one-half interest with her sister Wanda Sue Marshall[2]. At trial, the evidence was undisputed that Lynda and Marshall[2] signed a contract to sell the McKinney property to Rene and Rosemary Pardon, and that the Pardons made payments on the property. It was also undisputed at trial as to the balance remaining to be paid by the Pardons on the contract and the community debts that existed at the time of Lynda's death. The parties also agree on their respective shares of Lynda's estate.

The trial court found that although upon Lynda's death, interests in the property passed to appellants, these interests were "subject to the payment of Lynda Fay Young's debts." Thus, the trial court concluded that "the debts of Lynda Faye Young extinguished any other assets which would have passed upon her death" to appellants. Finally, the trial court rendered judgment that appellants take nothing from Young respecting his retention of the proceeds from the sale of Lynda's separate property with which he paid Lynda's debts. This appeal followed.

**STANDARDS OF REVIEW**

Findings of fact made after a bench trial have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence

---

[2] Marshall's interest was subsequently conveyed to appellee Young, but only Lynda's interest is at issue here.

to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review the trial court's conclusions of law de novo, and uphold them on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Highland Credit Opportunities CDO, L.P. v. UBS AG*, 451 S.W.3d 508, 519 (Tex. App.—Dallas 2014, no pet.).

APPLICABLE LAW

The statutes in force at the time of death govern the disposition of the decedent's estate. *Dickson v. Simpson*, 807 S.W.2d 726, 727 (Tex. 1991). The parties rely on four sections of the Texas Probate Code that were effective at the time of Lynda's death on January 15, 2006:[3]

> **§ 37. Passage of Title Upon Intestacy and Under a Will**
> When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will, and all powers of appointment granted in such will, shall vest immediately in the devisees or legatees of such estate and the donees of such powers; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject, however, to the payment of the debts of the testator or intestate, except such as is exempted by law, and subject to the payment of court-ordered child support payments that are delinquent on the date of the person's death; and whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exception aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate and the delinquent child support payments; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with the law.

---

[3] The Probate Code was repealed and the Estates Code enacted by Act of May 26, 2009, 81st Leg., R.S., ch. 680, §§ 1–12, 2009 TEX. GEN. LAWS 1512–1732, eff. January 1, 2014. Sections 37, 156, 160, and 168 were enacted in 1955 in the Probate Code and are now codified in the Estates Code: (1) TEX. PROB. CODE § 37, Act of Mar. 16, 1955, 54th Leg., R.S., ch. 55, § 37, 1955 TEX. GEN LAWS 88, 100 (amended 1969 and 1981) (codified at TEX. EST. CODE §§ 101.001, 101.051); (2) TEX. PROB. CODE § 156, Act of Mar. 16, 1955, 54th Leg., R.S., ch. 55, § 156, 1955 TEX. GEN. LAWS 88, 139 (amended 1971 and 2007) (codified at TEX. EST. CODE §§ 101.052, 453.006); (3) TEX. PROB. CODE § 160, Act of March 16, 1955, 54th Leg., R.S., ch. 55, § 160, 1955 TEX. GEN LAWS 88, 140 (amended 1993 and 2007) (codified at TEX. EST. CODE §§ 453.003, 453.004); and (4) TEX. PROB. CODE § 168, Act of March 16, 1955, 54th Leg., R.S., ch. 55, § 168, 1955 TEX. GEN. LAWS 88, 141–42 (amended 1971 and 2007) (codified at TEX. EST. CODE §§ 453.006–453.008). We will refer to these provisions by their section numbers in the Probate Code applicable at the time of Lynda's death in 2006.

### § 156. Liability of Community Property for Debts

The community property subject to the sole or joint management, control, and disposition of a spouse during marriage continues to be subject to the liabilities of that spouse upon death. In addition, the interest that the deceased spouse owned in any other nonexempt community property passes to his or her heirs or devisees charged with the debts which were enforceable against such deceased spouse prior to his or her death. In the administration of community estates, the survivor or personal representative shall keep a separate, distinct account of all community debts allowed or paid in the administration and settlement of such estate.

Tex. Prob. Code § 156.

### § 160. Powers of Surviving Spouse When No Administration is Pending

(a) When no one has qualified as executor or administrator of the estate of a deceased spouse, the surviving spouse, whether the husband or wife, as the surviving partner of the marital partnership, without qualifying as community administrator as hereinafter provided, has power to sue and be sued for the recovery of community property; to sell, mortgage, lease, and otherwise dispose of community property for the purpose of paying community debts; to collect claims due to the community estate; and has such other powers as shall be necessary to preserve the community property, discharge community obligations, and wind up community affairs. . . .

(c) This section does not affect the disposition of the property of the deceased spouse.

Tex. Prob. Code § 160.

### § 168. Accounting by Survivor

The survivor, whether qualified as community administrator or not, shall keep a fair and full account and statement of all community debts and expenses paid by him, and of the disposition made of the community property; and, upon final partition of such estate, shall deliver to the heirs, devisees or legatees of the deceased spouse their interest in such estate, and the increase and profits of the same, after deducting therefrom the proportion of the community debts chargeable thereto, unavoidable losses, necessary and reasonable expenses, and a reasonable commission for the management of the same. Neither the survivor nor his bondsmen shall be liable for losses sustained by the estate, except when the survivor has been guilty of gross negligence or bad faith.

Tex. Prob. Code § 168.

Under former section 37 of the Probate Code, property of an intestate vests "immediately in his heirs at law," but is subject in their hands to the payment of the intestate's debts. *See Jackson v. Hubert*, 234 S.W.2d 414, 416 (Tex. 1950) (discussing predecessor statute). Each heir is liable only for a proportional share of the debt, and the extent of the liability is limited to the property received from the estate. *See, e.g., Potts v. W.Q. Richards Mem'l Hosp.*, 558 S.W.2d 939, 943 (Tex. Civ. App.—Amarillo 1977, no writ).

## DISCUSSION

In a single issue, appellants contend the trial court erred by concluding Young could use cash proceeds from Lynda's separate property to pay community debts that existed at the time of Lynda's death and that nothing was due to appellants. Relying on sections 156 and 160 of the Probate Code, appellants argue that only community property may be used to pay community debts. They contend they are entitled to inherit Lynda's separate property free from community debts. Appellants do not cite any case authority for this proposition. Young, in turn, relies on sections 37, 160, and 168 of the Probate Code to argue the contrary.

Two of the trial court's conclusions of law are at issue:

> 51. Due to the death of Lynda Faye Young, property interests passed to Tracy Lynn Smith, Keith Bailey and David Lewis Golden, subject to the payment of Lynda Faye Young's debts.

> 52. . . . Except for the assets set forth herein in the Conclusions of Law, the debts of Lynda Faye Young extinguished any other assets which would have passed upon her death to Tracy Lynn Smith, Keith Bailey and David Lewis Golden.

Although appellants do not contest the amounts of the debts for which Young offered evidence, they raise an additional contention that because Young's affidavit in support of the application for heirship recited that "there are no debts owed by Decedent that are not secured by liens on real estate, and there is no necessity for administration of the estate," the debts should not be paid from Lynda's estate. We cannot agree. The evidence offered by Young showed that

–5–

he paid almost all of the debts prior to the heirship proceeding, and the trial court could have found that there was no conflict between the affidavit and Young's testimony and evidence admitted at trial.

It is without question that sections 156 and 160 provide that (1) community property of the decedent is subject to community debts; and (2) a surviving spouse may dispose of community property for the payment of community debts. However, these provisions do not negate or conflict with section 37's requirement that title to an estate passes to heirs "subject . . . to the payment of the debts of the intestate." Section 37 provides in relevant part that "whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exception aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate." *See Jackson*, 234 S.W.2d at 416. Accordingly, we conclude appellants' shares in the estate are subject to Lynda's debts, although appellants are not personally liable for amounts in excess of their shares. *See Potts*, 558 S.W.2d at 942–43.

The evidence also supports the trial court's finding and conclusion that Lynda's debts "extinguished any other assets which would have passed upon her death" to appellants. We decide appellants' sole issue against them. *See Highland Credit*, 451 S.W.3d at 519 (we uphold trial court's conclusions of law if judgment can be sustained on any legal theory supported by evidence).

**CONCLUSION**

We affirm the trial court's judgment.

141109F.P05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRACY LYNN RENNIE (formerly known as TRACY LYNN SMITH), KEITH BAILEY AND DAVID LEWIS GOLDEN, Appellants

No. 05-14-01109-CV    V.

KEITH ALAN YOUNG, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-03129-2009.
Opinion delivered by Justice Lang;
Justices Bridges and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Keith Alan Young recover his costs of this appeal from appellants Tracy Lynn Rennie, Keith Bailey, and David Lewis Golden.

Judgment entered this 31st day of July, 2015.